UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against-                                                          05 Crim. 1157 (LAK)

RAHEEN DAVIS,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

       By letter dated April 13, 2008, defendant – who at the moment again is proceeding *pro se,* albeit with the assistance of standby counsel appointed by the Court, with respect at least to his motion to suppress evidence – moves to stay the trial until he is released from the Special Housing Unit at the Metropolitan Detention Center and is permitted to go to the law library available to prisoners in the general population and to use a telephone. He claims that he is being deprived of access to the courts to the extent that the case proceeds while he does not have these privileges because he "can not adequately fight [his] case."

       In *Bounds v. Smith,* 430 U.S. 817 (1977), the Supreme Court held that "prison authorities [must] assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law." Id.* at 828 (emphasis added). It emphasized, however, that adequate law libraries are only "one acceptable method to assure meaningful access to the courts" and did not "foreclose alternative means to achieve that goal," strongly suggesting that the provision of counsel, among other things, would suffice. *Id.* at 830-32.

       In this case, defendant thus far has been provided with no fewer than six different court-appointed, publicly-paid attorneys. Most recently, he has rejected the services of Michael Dinnerstein,

Esq., who was appointed under the Criminal Justice Act, in favor of self representation. Notwithstanding defendant's action, the Court has directed that Mr. Dinnerstein continue as defendant's advisor and that he remain available to resume the defense should defendant have a change of heart. Defendant thus has had, and continues to have, the means of obtaining constitutionally adequate access to the courts – in this instance the services, either as counsel of record or as an advisor and standby counsel – of a qualified attorney.

In these circumstances, defendant has no right of unqualified access to a library or a telephone. *E.g., Bourdon v. Loughren,* 386 F.3d 88, 92-94 (2d Cir. 2004) ("appointment of counsel can be a valid means of fully satisfying . . . obligation to provide . . . pretrial detainees[] with access to the courts"); *Degrate v. Godwin,* 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) ("the United States satisfied its obligation under the sixth amendment when it offered defendant the assistance of counsel which he declined"); *United States v. Chapman,* 954 F.2d 1352, 1362 (7th Cir. 1992) ("This court has consistently held that 'when a defendant (pretrial detainee) is offered the assistance of appointed counsel and refuses the same, no constitutional right exists mandating that the prisoner in the alternative be provided access to a law library should he refuse the services of court-appointed counsel.'") (citation omitted); *United States v. Knox,* 950 F.2d 516, 519-20 (8th Cir. 1991) (denial of access to law library not improper because defendant refused assistance of standby counsel); *United States v. Smith,* 907 F.2d 42, 45 (6th Cir. 1990) ("by knowingly and intelligently waiving his right to counsel, the appellant also relinquished his access to a law library [viz. one of the benefits that would have been afforded to him had he had counsel]"); *United States v. Pina,* 844 F.2d 1, 6 (1st Cir. 1988) ("[w]hen a defendant refuses assistance of appointed counsel, he has no right to unqualified access to a law library . . . . [Standby C]ounsel was appointed . . . to provide . . . 'any requested materials that are, in the judgment of standby counsel, needed or useful in [defendant's] preparation for defense.'") (citation omitted); *United States v.*

*Chatman,* 584 F.2d 1358, 1360 (4th Cir. 1978) ("the United States satisfied its obligations under the sixth amendment when it offered defendant the assistance of counsel which he declined"); *Wesley v. City of New York,* No. 05 Civ. 9227 (DLC), 2006 WL 2882973 (S.D.N.Y. Oct. 10, 2006) ("defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library"). As one commentator aptly put it:

> "An imprisoned defendant who chooses to represent himself relinquishes many of the traditional rights associated with the right to counsel. A state need not offer a pro se defendant access to a wide range of legal services once it has fulfilled its constitutional obligation by offering him competent legal assistance. This principle was recently illustrated by the Court of Criminal Appeals of Alabama when the court held that prison officials must provide either the direct legal assistance of an attorney or access to a law library, but not both." John F. Decker, *The Sixth Amendment Right to Shoot Oneself in the Foot: An Assessment of the Guarantee of Self-Representation Twenty Years After Faretta*, 6 SETON HALL CONST. L. J. 483, 561 (1996).

This defendant repeatedly has been warned that "'a pro se defense is usually a bad defense, particularly when compared to a defense provided by an experienced criminal defense attorney.'" *Martinez v. Court of Appeal of California, Fourth Appellate District,* 528 U.S. 152, 161 (2000) (quoting *id.* at 598). But if he knowingly and voluntarily elects to "shoot himself in the foot," this Court, within broad limits, is obliged to permit him to do so.

The motion to stay the trial is denied.

SO ORDERED.

Dated: April 16, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)