UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-

RAHEEN DAVIS,

        Defendant.
------------------------------------------x

05 cr. 1157 (LAK)

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        In January 2005, Davis and three others agreed to rob a marijuana dealer. Davis and two of his cohorts gained entrance to the dealer's apartment and robbed him of drugs and money. Apparently dissatisfied with the proceeds of the robbery, Davis then opened fire with an automatic weapon, killing the dealer, wounding the woman with whom the dealer was living, and permanently crippling her son. He was convicted by a jury of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, carrying a firearm during and in relation to a crime of violence and, possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and sentenced principally to concurrent terms of imprisonment of 20 years and life, both to run consecutively to a prior, unexpired term of imprisonment. The conviction was affirmed. *United States v. Davis,* No. 08-3604-cr, 2009 WL 1459543 (2d Cir. May 27, 2009). Two prior motions for relief under 28 U.S.C. § 2255 also have been decided on the merits. DI 259. DI 297, DI 298. A third has been transferred to the Court of Appeals under *Liriano,* as its consideration requires leave of that court.

        The Court now is in receipt of another communication from Davis dated March 20, 2022 which asks that "this court appointment [*sic*] counsel (adequate counsel)! stop these 8 people from murdering me and vacate my sentence for the above reason."

        Insofar as the latest communication seeks appointment of counsel, the application is denied because the defendant has not shown any chance of success with respect to any claim. Insofar as it seeks vacatur of his sentence, its apparently seeks relief available, if at all, under 28 U.S.C. § 2255. If treated as a 2255 motion, this Court lacks authority to consider it without leave of the Court of Appeals because it is a successive application under that statute. Accordingly, the Clerk shall transfer this latest communication to the Court of Appeals pursuant to *Liriano* to enable it to determine whether to grant leave.

        SO ORDERED.

Dated:      March 30, 2022

                                                  Lewis A. Kaplan
                                           United States District Judge