UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

       -against-

RAHEEN DAVIS,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 cr. 1157 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/21/24__

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       The Clerk has referred to the undersigned three handwritten communications from the defendant, who has been convicted in this Court of a number of serious offenses. His history in this Court is helpful in understanding them.

*Prior Convictions in this District*

       The defendant's first conviction occurred in *United States v. Davis,* 05-cr-694 (VM), for distribution of and possession with intent to distribute "crack cocaine," for which he was sentenced principally to a term of imprisonment of 63 months.

       The second, which occurred in this above captioned case, was for Hobbs Act robbery and use of a firearm in a crime of violence, for which the defendant initially was sentenced to concurrent terms of imprisonment of 20 years and of life to run concurrently with each other and consecutively to the term in 05-cr-694. Eventually, the firearm conviction was vacated and that charge dismissed. Davis then was resentenced in the remaining Hobbs Act count principally to a term of imprisonment of 20 years.

       The third was a conviction in *United States v. Davis,* 08-cr-76 (ER), for assault on a federal corrections officer and possession of a weapon in prison. He was sentenced in that case principally to terms of imprisonment of (a) 60 months on the weapon possession count, to run consecutively to the sentences in 05-cr-694 and 05-cr-1157, and (b) 150 months on the assault count, 50 months of which were to be served consecutively both to the life sentence originally imposed in this case (05-cr-1157) and to the 60-month sentence imposed on the weapon possession count in 08-

cr-76, and the remaining 100 months to be served concurrently with the life sentence originally imposed in this case.

Pulling this all together — and taking account of the dismissal of the firearm count in 05-cr-1157, which carried a life sentence — Davis is serving consecutively at least (a) 63 months for the crack cocaine conviction in 05-cr-694, (b) followed by 20 years (240 months) for the Hobbs Act robbery that remains in 05-cr-1157, (c) followed by 60 months for the weapon possession count in 08-cr-76, (d) followed by 50 months for the assault count in 08-cr-76. As the other 100 months on the assault count in 08-cr-76 was to be served concurrently with the life sentence in this case, which subsequently was vacated, it is not immediately clear whether and when that term of imprisonment must be served. But the answer need not be determined at the moment because Davis' release date projected by the Bureau of Prisons will not occur until 2043.

*The Recent Correspondence*

The Court is in receipt of four handwritten pages received by the Pro Se Office on October 7 from Davis, who now is incarcerated at the Springfield medical facility of the BOP, which Davis describes as a mental institution.

The first bears a caption listing Davis as a plaintiff and the United States, George W. Bush, Barack O'Bama [*sic*], and "Joe Biden, AKA Devil" as the defendants. It is entitled "Military Operation" and seeks to have the Court conduct a military operation with what Davis describes as his "hostage situation" and to pursue "a 'class action' with all the hostages in the B.O.P." Thus, that document by no stretch of the imagination is a part of this long-closed criminal case. If Davis wishes to pursue it, he must commence a new civil action.

The second bears no caption or docket number and is addressed to the Clerk of Court. It asks that the defendant's last correspondence to the Court "be heard as a writ or Bivens" and seeks appointment of counsel. Having reviewed the relevant correspondence and assuming *arguendo* that Davis seeks the appointment of counsel in this now closed case, the appointment of counsel is DENIED on the ground that Davis has shown no realistic possibility that any of his complaints have any merit. *See United States v. Davis,* 08-cr-76 (ER), Dkt 64.

The third document, which consists of two pages and bears the docket numbers of this and the other two cases referred to above, complains of Davis' lack of legal knowledge and other constraints on his ability to represent himself and asserts that he has been "stabbed" and "tortured for 16 years." He requests "a legal team and military to litigate, apprehend, and prosecute this hostage situation."

Insofar as this third document is addressed to this case, I construe it as a request for appointment of counsel. It also is DENIED on the ground that Davis has shown no realistic possibility that any of his complaints have any merit.

3

The Clerk is requested to send a copy of this order to the defendant. The 1-page document with the *Davis v. United States et al.* caption should be treated as an attempted filing of a new civil complaint and such guidance if any as the Court provides to *pro se* litigants in such circumstances should be provided to him. The Clerk is requested to docket all three handwritten documents in the above captioned case.

SO ORDERED.

Dated:        October 21, 2024

Lewis A. Kaplan
United States District Judge